# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| EDWIN D. CALLIGAN, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | CAUSE NO. 1:07-CV-320-TS |
| BILL K. WILSON, | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Edwin D. Calligan, a prisoner proceeding *pro se*, filed a Motion to Alter or Amend Judgment [DE 22] pursuant to Federal Rule of Civil Procedure 59. He subsequently filed two motions with supporting memoranda seeking to amend his original Motion. The Court considers all of these submissions, which advance the same request for the Court to reconsider and vacate its January 15, 2009, Opinion and Order denying his *habeas corpus* petition.

A rule 59(e) motion "must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Clerk entered final judgment on January 15, 2009. Calligan signed his Motion to Alter or Amend Judgment on January 22. The Clerk of this Court received the Motion on February 2, 2009. Calligan states in his Second Amended Motion to Alter or Amend Judgment that he filed his Motion to Alter of Amend Judgment on January 29, 2009. [DE 27]. In a footnote to this statement, he contends that his motion was given to the appropriate prison officials on January 29, and thus "[a]ccording to Federal Rules, it was filed then," not on February 2 as the docket indicates. Under the "mailbox rule" announced in *Houston v. Lack*, 487 U.S. 266 (1988), the Motion to Alter was deemed filed on January 29, which was the tenth day after the entry of judgment (with time computed in accordance with Federal Rule of Civil

Procedure 6(a)(2)).

A Rule 59(e) motion to alter or amend judgment may be granted "if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006) (internal quotations and citations omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citations omitted). "Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

The habeas petition at issue in this case challenged the findings of a Disciplinary Hearing Board (DHB) on a conduct report issued against Calligan after he physically assaulted two correctional officers. This case involved the attack against one of the officers, Officer Bernacet. The DHB convicted Calligan of "battery upon a person," which requires proof of "serious bodily injury." As he did in his habeas corpus petition, Calligan again contends that the evidence was insufficient to support the conviction because no evidence established that the officer sustained "serious bodily injury." [DE 2-5] To support his argument, Calligan relies upon *Hand v. State*, 863 N.E. 2d 386 (2007). In *Hand*, the Indiana Court of Appeals reversed the defendant's felony conviction for battery involving serious bodily injury. In doing so, the court held that photographs of the alleged victim's injuries, alone, did not establish serious bodily injury. The

*Hand* case does not require that the Court alter its judgment.

*Hand* involved a criminal prosecution which requires proof of guilt beyond a reasonable doubt. In determining whether the evidence adequately supported the DHB's determination, it was necessary for this Court to consider only whether there was "some evidence" of "serious bodily injury." *See Wolff v. McDonnell*, 418 U.S. 539 (1974). The evidence before the DHB included not only the photographs of the bruises visible at least two days after the incident, but the conduct report describing the incident. In the report, Officer Bernacet recounts how Calligan "punched" him in the temple with such force it knocked him down. Bernacet considered his injuries significant enough to write up the battery conduct report as a "102 offense," which necessarily incorporated the "serious bodily injury" element. He also accepted medical attention. This, in connection with the photographs, is some evidence of the nature of the injuries.

While the record does not show whether or not the officer received any pain medication or complained of pain, *Hand* does not stand for the proposition that serious bodily injury cannot be found in their absence. Also, because the evidence conflicted regarding the seriousness of the victim's injuries in *Hand*, it was not enough to uphold a criminal conviction. Although such a slim basis will not support a criminal conviction, that is not so for prison disciplinary proceedings. The Seventh Circuit has described the burden as follows:

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, and ellipsis

omitted); *see also Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (relying on reasonable inference to conclude "some evidence" supported the disciplinary charge). The Court did not err in finding the evidence sufficiently established the DHB's determination of serious bodily injury.

Calligan contends he was improperly denied an "unknown" witness's statement as well as one from another prisoner, Williams, who was unavailable because he had been released from prison. [DE 8-13]. To show the unknown prisoner exists (something the Court never questioned), Calligan proffers copies of documents from separate disciplinary proceeding that refer to the prisoner by name. Similarly, Calligan doubts whether Williams was unavailable. He proffers a copy of online records showing the prison identification number ascribed to Williams belongs to another prisoner. Even if the Court considers these unauthenticated documents as newly-discovered evidence, Calligan has not established his entitlement to relief.

"[P]risoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). Calligan merely speculates about what each prisoner's testimony "could" be. The DHB relied upon Calligan's own statement for his defense that someone else may have struck Bernacet during the fray. Even if Williams was not released and the other prisoner was not unknown, Calligan has not shown the failure to obtain statements from them was not harmless error. Like the situation in *Piggie v. Cotton*, 344 F. 3d 674, 678–79 (7th Cir. 2003), a case upon which Calligan relies, nothing in the record shows that a statement from either possible witness would aid Calligan's defense. The Court did not err when it found that the lack of statements from these prisoners did not entitle Calligan to relief.

Finally, Calligan asserts that the DHB did not adequately explain the reasons for its

4

decision. [DE 25 at 5, 11]. *Wolff v. McDonnell*, 418 U.S. 539 (1974) "requires that an inmate subject to disciplinary action is provided a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). Here, the DHB considered staff reports and Calligan's own statement. Calligan argues the DHB found only a simple assault, but this is not supported by the record, including the conduct report itself. The DHB complied with *Wolff*'s requirement for a written statement by informing Calligan in writing of the factual basis for the charge and permitting meaningful administrative and judicial review.

Therefore, the Court:

(1) DENIES the Motion to Alter or Amend Judgment [DE 22]

(2) GRANTS the Motion to Amend Motion to Alter or Amend Judgment [DE 25]; and

(3) DENIES the Second Motion to Alter or Amend Judgment [DE 27].

SO ORDERED on June 4, 2009.

                                                  s/ Theresa L. Springmann
                                                  THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT